**CAPSTONE LAW APC**
Cody R. Padgett (SBN 275553)
cody.padgett@capstonelawyers.com
Shahin Rezvani (SBN 199614)
Shahin.Rezvani@capstonelawyers.com
Nathan N. Kiyam (SBN 317677)
nate.kiyam@capstonelawyers.com
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: 310-556-4811
Facsimile: 310-943-0396

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Adam A. Edwards *(pro hac vice)*
aedwards@milberg.com
William A. Ladnier (SBN 330334)
wladnier@milberg.com
Ryan McMillan *(pro hac vice)*
rmcmillan@milberg.com
Virginia Whitener *(pro hac vice)*
gwhitener@milberg.com
800 S. Gay Street, Suite 1100
Knoxville, TN 37931
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

*Attorneys for Plaintiff*

**MORGAN, LEWIS & BOCKIUS LLP**
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Brian M. Ercole (pro hac vice)
briamercole@morganlewis.com
Matthew M. Papkin (pro hac vice)
matthew.papkin@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL 33131-3075
Tel:   +1.305.415.3000
Fax:   +1.305.415.3001

Katherine A. Vaky
Katherine.vaky@morganlewis.com
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401

*Attorneys for Defendant Tesla, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL KARUNATILAKA, | Case No. 2:24-cv-01727-HDV (RAO) |
| Plaintiff, | [~~PROPOSED~~]   **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| TESLA, INC., d/b/a TESLA MOTORS, INC., a Delaware Corporation, | **DISCOVERY MATTER** |
| Defendant. | |

This Stipulated Protective Order is entered into by and between Plaintiff Neil Karunatilaka and Defendant Tesla, Inc. dba Tesla Motors, Inc. ("Tesla") (hereinafter, collectively referred to as the "Parties"). The purpose of this Stipulated Protective Order is to preserve the confidentiality of certain documents and information, which may be produced during discovery or otherwise disclosed or provided. In order to protect information which may be made available in the course of discovery in this case, and whose public disclosure may violate laws or regulations and may create a risk of financial harm, competitive harm, or other harm to the parties and third parties, the Parties are entering into this stipulation and requesting that the Court issue a protective order in conformity with the terms set forth herein. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. [1]

**Good Cause Statement:** The Parties anticipate that certain information disclosed in this action during discovery is likely to include information that is personal or otherwise confidential in nature and related information concerning third parties, non-public financial information, and other proprietary and confidential information of the Parties and third parties for which special protection from public disclosure and from use for any purpose other than prosecuting of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, trade secrets, or other confidential research, development, or commercial information (including information

---

[1] This Stipulated Protective Order is similar to the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures. As set forth in Paragraph 1(d) herein, this Protective Order is intentionally designed to align with the protective orders in related state court proceedings in order to avoid inconsistencies that could create inefficiencies and confusion among the cases. The parties believe a substantially similar protective order among these related cases is appropriate.

implicating privacy rights of third parties), personally identifying information, personal financial information, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery material, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Subject to the approval of this Court, the Parties hereby stipulate and agree as follows:

**1.    SCOPE OF PROTECTIVE ORDER**

(a)    The protection of this Protective Order may be invoked with respect to any documents, testimony, declarations, briefs, memoranda, exhibits, answers to interrogatories, answers to requests for admissions and all other information (collectively "Discovery Material") produced or created by any party or non-party (the "Producing Party") to any other party or parties (the "Receiving Party") in connection with the above-captioned action (the "Litigation"). As used herein, the term "Confidential Information or Items" includes testimony, records or other tangible things, including but not limited to discovery responses, whether hardcopy or electronic, that a Designating Party believes is entitled to confidentiality protection under applicable legal and equitable principles. This includes items which a party

believes contains or reflects trade secrets, confidential or proprietary business information, competitively sensitive information, and/or private personal, client or customer information. Any Discovery Material produced by any party or non-party as part of this action may be designated by such party or non-party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." All non-public documents or non-public information obtained through discovery or proceedings in this case, whether or not designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be used solely for prosecuting or defending claims in this Litigation, and not for any business, competitive, personal, private, legal, or governmental purpose or function, or any other litigation, and such non-public information shall not be disclosed to anyone except as provided herein.

(i) ~~(3) *Zaks v. Tesla, Inc*., Case No. 23CV043575 (Alameda Super. Ct.) ("*Zaks*"); and (4) *Corona v. Tesla, Inc*., Case No. 24CV64008 (Alameda Super. Ct.) ("*Corona*").~~

(ii) The protections conferred by this Protective Order do not cover any item or information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order.

(b) As set forth below, information or materials may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" if a party has a good faith belief that the item so designated constitutes, reflects or discloses non-public, personal, financial, proprietary or commercial information, trade secrets, or other confidential information and would create a substantial risk of injury if it were disclosed. Such designation may be made by any Producing Party, or may be made by a Party ("Designating Party") who determines, in good faith, that materials

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

[~~PROPOSED~~] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

produced by a non-party contain "Confidential" or "Highly Confidential – Attorneys'
Eyes Only" information even though not so designated by the Producing Party.

(c)    In the event that additional Parties join or are joined in this Litigation,
they shall not have access to materials designated as "Confidential" or "Highly
Confidential – Attorneys' Eyes Only" pursuant to this Protective Order until they
have executed their agreement to be bound by this Protective Order.

(d)    To avoid inconsistencies between this action and the *Flores* and
*Reynolds* actions, the Parties shall take reasonable efforts to ensure that where a
document is produced in more than one of these matters, the document has the same
confidentiality designation.  This Protective Order mirrors the protective orders in
*Flores* and *Reynolds* and, in order to streamline discovery across all three matters,
the parties shall work together to avoid duplicative or inefficient discovery across the
three matters, consistent with this Order.

(e)    There are two related actions pending in California state court,
captioned  *Zaks v. Tesla, Inc*., Case No. 23CV043575 (Alameda Super. Ct.), and
*Corona v. Tesla, Inc.*, Case No. 24CV64008 (Alameda Super. Ct.), and Plaintiffs
have agreed to coordinate discovery with the plaintiffs in those actions to avoid
duplication of effort, undue burden, and unnecessary cost to Tesla, including by
avoiding multiple depositions of the same individuals, consistent with any protective
orders entered in these respective matters.

**2.    DESIGNATION OF MATERIALS AS "CONFIDENTIAL" OR
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".**

(a)    "Confidential" materials shall include only such information as the
Producing or Designating Party in good faith contends should be protected pursuant
to this Protective Order on the grounds that the information is properly subject to
protection under existing legal or equitable principles.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

[~~PROPOSED~~] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

1    (b)    "Highly Confidential – Attorneys' Eyes Only" materials shall include

2    "Confidential Information or Items," disclosure of which to another Party or non-

3    Party the Producing Party or Designating Party in good faith contends would create

4    a substantial risk of serious harm that could not be avoided by less restrictive means.

5    (c)    In making the designation of materials pursuant to this Protective Order,

6    the Producing or Designating Party shall give due consideration to whether the

7    information contained in the materials (1) has been produced, disclosed or made

8    available to the public in the past, (2) has been published, communicated or

9    disseminated to others not obligated to maintain the confidentiality of the information

10   contained therein, (3) has not been preserved or maintained in a manner calculated to

11   preserve its confidentiality, or (4) is available from a third party or commercial source

12   that is not obligated to maintain its confidentiality or privacy. The Producing or

13   Designating Party shall also give due consideration to the age of the materials. The

14   Producing or Designating Party must take care to limit any such designation to

15   specific material that qualifies under the appropriate standards. The Producing or

16   Designating Party must designate for protection only those parts of material,

17   documents, items, or oral or written communications that qualify so that other

18   portions of the material, documents, items, or communications for which protection

19   is not warranted are not swept unjustifiably within the ambit of this Protective Order.

20   Mass, indiscriminate, or routinized designations are prohibited. If it comes to a

21   Producing or Designating Party's attention that information or items that it

22   designated for protection do not qualify for protection, such Producing or

23   Designating Party must promptly notify all other Parties that it is withdrawing the

24   inapplicable designation.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

[PROPOSED] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

(d)      The protection of this Protective Order may be invoked with respect to materials in the following manner:

(i)      In the case of documents, declarations, briefs, memoranda, exhibits, answers to interrogatories, answers to requests for admissions, or other materials (apart from depositions or other pre-trial testimony), the Producing Party shall stamp or label the document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by affixing the mark to each page containing protected material as appropriate.  Documents produced prior to the entry of this Protective Order may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within thirty (30) days after entry, and documents produced by non-parties may be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a Party within thirty (30) days after such production.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(ii)      In the case of electronically stored information that is produced in the form of electronic or magnetic media (including information, files, databases, or programs stored on any device, computers, discs, networks or tapes) ("Electronically Stored Information" or "ESI") that is produced as a PDF, the Producing Party shall mark the document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by affixing the mark to each page of the PDF, as appropriate; *provided,* however, if such the Producing Party is unable to stamp or label such files (*e.g.* native document, deposition transcript, program, software, or otherwise,) then the Producing Party shall provide a cover letter designating such ESI as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and shall affix to such media a label with the same designation.  Whenever a Receiving Party reduces ESI designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

7

[PROPOSED] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

to hard-copy form, the Receiving Party shall mark such hard-copy form with the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" legend.

(iii) To the extent that any Receiving Party or counsel for any Receiving Party creates, develops or otherwise establishes on any device, recording media, computer, disc, network, tape, file, database or program copies of any information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," that party and its counsel must take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Protective Order, may have access to the information, and will retain on the media containing such information any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" label affixed by the Producing Party.

(iv) In the case of depositions or other pre-trial testimony, all such transcripts shall be presumptively "Confidential" and "Highly Confidential – Attorneys' Eyes Only" for thirty (30) days following receipt of the transcript. Any party wishing to maintain the treatment of the transcript, or any portion thereof, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall notify all other parties of such designation in writing, identifying the specific portions that such party identifies as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Any portions so designated will be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as provided for by this Protective Order. Any portions not so designated within thirty (30) days following receipt of the applicable transcript shall no longer be deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(e) If any Producing Party inadvertently produces or discloses any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information without marking it with an appropriate legend, the Producing Party or a Designating Party shall promptly notify the receiving party that the information should be treated in

accordance with the terms of this Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, the Receiving Party shall return the previously unmarked items and all copies thereof or confirm that the previously unmarked items and all copies thereof have been destroyed or, to the extent of ESI, deleted. The inadvertent disclosure shall not be deemed a waiver of confidentiality, or of any attorney-client privilege, work-product doctrine or other privilege, and such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure.

(f)    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**3.    CHALLENGES TO CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY DESIGNATION.**

(a)    Any Party or non-Party may challenge a designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by another at any time that is consistent with the Court's Scheduling Order. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

[~~PROPOSED~~] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

**4.    DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.**

(a)    Materials designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as well as summaries, excerpts and extracts thereof, shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order. Materials designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be used solely in the preparation for trial and/or trial of the Litigation  and shall not be used at any time for any other purpose.

(b)    Materials designated as "Confidential" may be disclosed only to:

(i)    The Court and its personnel;

(ii)    Any Party to the Litigation or any attorney of record on the Litigation, as well as their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation, to the extent necessary to provide such services in connection with the Litigation and only after being informed of the provisions of this Protective Order;

(iii)    In-house attorneys employed by any Party and working on the Litigation, and their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

(iv)    Any expert or consultant who is retained by any of the Parties or their counsel of record to assist counsel in the Litigation, and any employee of such an expert assisting in the Litigation (hereafter, "Experts") (1) to whom disclosure is reasonably necessary for the Litigation, (2) who have signed the "Nondisclosure Agreement" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 4(d), below have been followed.  With respect to any expert or consultant that is a current or former (within the past three years from the date of this Order) employee of a Party or any entity that directly competes with Tesla (hereafter

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

[~~PROPOSED~~] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

"Conflicted Expert"), no disclosure of material designated as Confidential shall occur unless the Designating Party is given at least 14 days prior written notice of the identity of the Conflicted Expert (including name, address, current job title and the names of any direct competitors by which he or she has been employed), the Designating Party is afforded an opportunity to object to the disclosure of the designated material and a resolution to any such objection has been reached either by agreement or Court order;

(v)    During his or her deposition, a witness in the action to whom disclosure is reasonably necessary at the time of the deposition and only if such a person is informed of the terms of this Protective Order and have signed the "Nondisclosure Agreement" (Exhibit A), unless the Court orders or the Designating Party agrees otherwise.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(vi)    Deposition and court reporters and their support personnel (including video operators), for purposes of preparing transcripts;

(vii)    Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the Litigation and only after being informed of the provisions of this Protective Order and;

(viii) Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation; and

(ix)    The author or recipient of a document containing the information or a custodian or other person who otherwise previously and lawfully possessed the information, to the extent necessary for the Litigation.

(c)    Each person to whom "Confidential" materials are disclosed (other than persons described in paragraphs 4(b)(i) and (vi)) shall execute the "Nondisclosure Agreement" that is attached hereto as Exhibit A prior to their receipt of the Confidential materials, and shall agree to be bound by this Protective Order and to be subject to the jurisdiction of this Court for the purposes of enforcement.  Failure to adhere to every requirement of this Protective Order may subject the violating party to sanctions. Counsel disclosing "Confidential" materials to persons required to execute "Nondisclosure Agreement" (Exhibit A) shall retain all such executed agreements. Copies of the executed agreements shall be preserved by counsel and shall be provided to the opposing party upon request.

(d)    Materials designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to:

(i)    The Receiving Party's Outside Counsel of Record in this Litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Litigation ;

(ii)    In-house attorneys employed by any Party and working on the Litigation, and their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

(iii)    Experts or consultants of the Receiving Party (1) to whom disclosure is reasonably necessary for the Litigation, and, (2) who have signed the "Nondisclosure Agreement" (Exhibit A);

1.    Materials designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed to an Expert or consultant of the Receiving Party without disclosure of that person's identity to the Designating Party as long as they

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

[PROPOSED] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

are not a Conflicted Expert. With respect to any Conflicted Expert that is a current or former (within the past three years from the date of this Order) employee of a Party or any entity that directly competes with a Designating Party, no disclosure of material designated as Highly Confidential – Attorneys' Eyes Only shall occur unless the Designating Party is given at least 14 days prior written notice of the identity of the Conflicted Expert (including name, address, current job title and the names of any direct competitors by which he or she has been employed), the Designating Party is afforded an opportunity to object to the disclosure of the designated material and a resolution to any such objection has been reached either by agreement or Court order.

2.    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion (in compliance with the Federal Rules of Civil Procedure and Local Rules, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(iv)    The Court and its personnel;

(v)    During his or her deposition, a witness in the action to whom disclosure is reasonably necessary at the time of the deposition and only if such a person is informed of the terms of this Protective Order and have signed the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

[~~PROPOSED~~] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

"Nondisclosure Agreement" (Exhibit A), unless the Court orders or the Designating Party agrees otherwise.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential – Attorneys' Eyes Only material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

        (vi)    Deposition and court reporters and their support personnel (including video operators), for purposes of preparing transcripts;

        (vii)    Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the Litigation and only after being informed of the provisions of this Protective Order and;

        (viii)    Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation; and

        (ix)    The author or recipient of a document containing the information or a custodian or other person who otherwise previously and lawfully possessed the information, to the extent necessary for the Litigation.

(e)    Each person to whom "Highly Confidential – Attorneys' Eyes Only" materials are disclosed (other than persons described in paragraphs 4(d)(vi)) shall execute the "Nondisclosure Agreement" that is attached hereto as Exhibit A prior to their receipt of the "Highly Confidential – Attorneys' Eyes Only" materials, and shall agree to be bound by this Protective Order and to be subject to the jurisdiction of this Court for the purposes of enforcement.  Failure to adhere to every requirement of this Protective Order may subject the violating party to sanctions. Counsel disclosing "Highly Confidential – Attorneys' Eyes Only" materials to persons required to execute "Nondisclosure Agreement" (Exhibit A) shall retain all such executed

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

[PROPOSED] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

agreements. Copies of the executed agreements shall be preserved by counsel and shall be provided to the opposing party upon request.

**5.    USE OF ARTIFICIAL INTELLIGENCE AND LARGE LANGUAGE MODELS.**

(a)    The receiving party shall not load, import, submit, or otherwise transfer documents or data produced by the producing party to any Large Language Model ("LLM") or Artificial Intelligence ("AI") platform except as otherwise provided herein. LLM or AI platforms may be utilized with industry standard data security provisions only if the Party has ensured and certifies the documents and data will not be utilized to train public models, will not be used to train AI products or tools being used for purposes other than this litigation, and otherwise will not be made accessible to other users of the LLM or AI platform. Any LLM or AI models and any AI outputs developed using data produced in this litigation by another party shall not be used for any purpose other than prosecuting or defending this litigation.

(b)    No Confidential material, including excerpts from Confidential Material, may be inputted into any public, non-compartmentalized generative artificial intelligence system (e.g. ChatGPT, Google Bard, etc.).

**6.    USE IN COURT PROCEEDINGS - FILING OF COURT PAPERS.**

(a)    Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any Confidential Information or Items, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed. Likewise, nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability or admissibility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

[~~PROPOSED~~] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

(b)    **Acknowledgement of Procedure for Filing Under Seal.** The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics*, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

[~~PROPOSED~~] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**7.    CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

(a)    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," by another Party (including a third Party), the Party subject to a requirement to produce the designated information, that Party must, to the extent permitted by applicable law:

(i)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(ii)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

(iii)    give the Designating Party at least 20 days from the date of the notification to object to any such disclosure and seek a protective order or other appropriate relief, and

(iv)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(b)    If the Designating Party timely seeks a protective order or other appropriate relief, the Party served with the subpoena or court order shall not produce

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

[~~PROPOSED~~] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court, law enforcement or government agency.

**8.    MODIFICATION.**

Nothing in this Protective Order shall preclude any Party from applying to the court to modify this Protective Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Protective Order for good cause shown.

**9.    DISPOSITION OF MATERIALS AT CONCLUSION OF CASE.**

All materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall remain in the possession of the counsel of record of the Party to whom such materials are produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of persons to whom disclosure may be made under paragraph 4(b) of this Protective Order. Within sixty (60) days after this action is concluded, including the expiration or exhaustion of all rights to appeal, each Party to whom "Confidential" or "Highly Confidential – Attorneys' Eyes Only" materials were produced shall, at the election of the Party receiving the materials, (a) return all documents and copies containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" materials (including, but not limited to, copies in the possession or control of any expert or employee) to the Producing Party, (b) promptly destroy or delete, as applicable, all such materials and copies and (c) provide a written certification under oath to the Producing Party and to any Designating Party to that effect.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER
2:24-CV-01727-HDV (RAO)

**10.    UNAUTHORIZED    DISCLOSURE    OF    PROTECTED MATERIAL**

(a)    Consistent with Federal Rule of Evidence 502(b) and (d), the inadvertent production of any document or other Discovery Material that is privileged or otherwise protected under the attorney-client privilege, work product doctrine, or any other applicable privilege shall not operate as a waiver of such privilege or protection in this or any other action.

(b)    In the event of an inadvertent production of any privileged or otherwise protected document or other Discovery Material, upon written request by the Producing Party in which that party shall set forth the specific bases of any applicable privilege or protection against disclosure, the Receiving Party shall immediately cease reviewing, disseminating or using the Privileged Information. Within 2 business days after the request, (i) shall return the original and all copies of such documents, or (ii) provide written assurance to the Producing Party that all such copies have been disabled or destroyed or deleted. The Receiving Party shall not use such information for any purpose until further order of the Court.

(c)    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Nondisclosure Agreement" that is attached hereto as Exhibit A.

**11.    RETENTION OF JURISDICTION**

The Court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for such time thereafter

1  as is needed to carry out its terms.

2  **12.  NO WAIVER**

3  By stipulating to the entry of this Protective Order, no Party waives any right

4  it otherwise would have to object to disclosing or producing any document or

5  Discovery Material on any ground.  Similarly, no Party waives any right to object on

6  any ground to use in evidence of any of the documents or Discovery Material covered

7  by this Protective Order.

8

9  Dated:  June 27, 2025        **MORGAN, LEWIS & BOCKIUS LLP**

10

11        By:   */s/ Brian Ercole*

12              DAVID L. SCHRADER
               BRIAN M. ERCOLE

13              MARK A. FELLER
               MATTHEW M. PAPKIN
               KATHERINE A. VAKY

14

15              Attorneys for Defendant
               TESLA, INC.

16

17

18  Dated: June 27, 2025        **CAPSTONE LAW APC**

19        By:   */s/ Nathan Kiyam*

20              Cody R.  Padgett
               Shahin Rezvani

21              Abigail Gertner
               Majdi Hijazin

22              Nathan N.  Kiyam

23              Attorneys for Plaintiff

24

25

26

27

28

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Date:    6/27/2025

Hon. Rozella A. Oliver
U.S. Magistrate Judge, Central District of California

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

[~~PROPOSED~~] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)

## **EXHIBIT A**

### **NONDISCLOSURE AGREEMENT**

I _____, do solemnly swear that I am familiar with the terms of the **STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION** (Protective Order) entered in *Karunatilaka v. Tesla, Inc.*, United States District Court for the Central District of California, and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

DATED: _____        BY: _____

Signature

_____

Print

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

22

[~~PROPOSED~~] STIPULATED PROTECTIVE
ORDER
2:24-CV-01727-HDV (RAO)